UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE HUNT (M-14245), ) | |
| ) | **Case No. 15 CV 6350** |
| Plaintiff, ) | |
| ) | JUDGE St. Eve |
| v. ) | |
| ) | Magistrate Judge Rowland |
| CHICAGO POLICE DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | JURY DEMAND |

### DEFENDANTS' JOINT AMENDED[1] ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant Police Officer Anthony Sabella[2] ("Defendant Sabella"), Defendant Police Officer Rishi Desai[3] ("Defendant Desai") (collectively "Defendants"), through one of their attorneys, Melissa F. Gold, Assistant Corporation Counsel for the City of Chicago, for their Joint Answer to Plaintiff's Second Amended Complaint, Affirmative Defenses, and Jury Demand, hereby state as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. § 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

**ANSWER:** Defendants admit that Plaintiff purports to bring this action pursuant to 42 U.S.C. §1983 and that this Court has jurisdiction, but deny Defendants violated or otherwise deprived Plaintiff of his civil rights.

---

[1] With leave of the Court, Defendants file this Amended Pleading. (*See* Docket No. 75).
[2] Defendant Sabella answers only for himself, and makes no answer for any unknown or unnamed Defendant officers.
[3] Defendant Desai answers only for himself, and makes no answer for any unknown or unnamed Defendant officers.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because the facts giving rise to the claims asserted here occurred in the Northern District of Illinois.

**ANSWER:** Defendants admit that venue is proper within this Court, but deny Defendants violated or otherwise deprived Plaintiff of his civil rights.

## PARTIES

3. At all times mentioned herein, plaintiff Terrence Hunt ("Mr. Hunt" or "plaintiff") was and now is a citizen of the United States residing within the jurisdictional boundaries of this Court.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

4. At all relevant times herein, defendant Officer Anthony Sabella ("Officer Sabella" or "defendant Sabella"), Star No. 11974, was employed as a police officer by the City of Chicago and was acting under color of state law as the employee, agent, or representative the City of Chicago.

**ANSWER:** Defendant Sabella admits the allegations contained in this paragraph. Upon information and belief, Defendant Desai admits the allegations contained in this paragraph.

5. At all relevant times herein, defendant Officer Rishi Desai ("Officer Desai" or "defendant Desai"), Star No. 10409 [*sic*][4], was employed as a police officer by the City of

---

[4] Plaintiff's Second Amended Complaint had a typo regarding Defendant Desai's Star Number. Defendant Desai's Star Number should read 1-0-4-0-9.

Chicago and was acting under color of state law as the employee, agent, or representative the City of Chicago.

**ANSWER:** Defendant Desai admits the allegations contained in this paragraph. Upon information and belief, Defendant Sabella admits the allegations contained in this paragraph.

## BACKGROUND

6.     On September 4, 2013, Mr. Hunt was apprehended at 6659 South Halsted Street, Chicago, Illinois, for suspicion of carrying a gun by Officers Sabella and Desai. Mr. Hunt surrendered to authorities after running a short distance.

**ANSWER:** Defendant Sabella admits that Plaintiff ran from 6642 S. Union, Chicago, Illinois to the location of his arrest at 6659 S. Halsted Street, Chicago, Illinois. Upon information and belief, Defendant Desai admits that Plaintiff ran from 6642 S. Union, Chicago, Illinois to the location of his arrest at 6659 S. Halsted Street, Chicago, Illinois. Defendants admit that Plaintiff was arrested on September 4, 2013, at 6659 S. Halsted Street, Chicago, Illinois for carrying a gun.  Defendants deny the remaining allegations contained in this paragraph.

7.     Officers Sabella and Desai kicked, punched, and kneed Mr. Hunt despite the fact that he surrendered and was not resisting arrest.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny they violated or otherwise deprived Plaintiff of his civil rights.

## COUNT I

### Excessive Force - 42 U.S.C. § 1983- Officer Sabella

8. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 7 of this complaint as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1-7 for its answer to this paragraph of Plaintiff's Second Amended Complaint as if fully set forth herein.

9. The actions of Defendant Officer Sabella constitute unreasonable, unnecessary, and excessive force against Mr. Hunt, thus violating his rights under the Fourth Amendment to the United States Constitution not to be subjected to unreasonable seizures.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny they violated or otherwise deprived Plaintiff of his civil rights.

10. Officer Sabella's misconduct was both objectively unreasonable and undertaken with an intentional, deliberate, and/or reckless disregard for Mr. Hunt's health, safety, and well being, as well as his constitutional rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny they violated or otherwise deprived Plaintiff of his civil rights.

11. As a direct and proximate result of the unreasonable, unnecessary and excessive use of force by Officer Sabella, Mr. Hunt has suffered and continues to suffer pain and injury, as well as emotional distress.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny they violated or otherwise deprived Plaintiff of his civil rights.

## COUNT II

### Excessive Force - 42 U.S.C. § 1983 - Officer Desai

12. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 7 of this complaint as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1-7 for its answer to this paragraph of Plaintiff's Second Amended Complaint as if fully set forth herein.

13. The actions of defendant Officer Desai constituted unreasonable, unnecessary, and excessive force against Mr. Hunt, thus violating his rights under the Fourth Amendment to the United States Constitution not to be subjected to unreasonable seizures.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny they violated or otherwise deprived Plaintiff of his civil rights.

14. Officer Desai's misconduct was both objectively unreasonable and was undertaken with an intentional, deliberate, and/or reckless disregard for Mr. Hunt's health, safety, and well being as well as his constitutional rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny they violated or otherwise deprived Plaintiff of his civil rights.

15. As a direct and proximate result of the unreasonable, unnecessary, and excessive

use of force by Officer Desai, Mr. Hunt has suffered and continues to suffer pain and injury, as well as emotional distress.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny they violated or otherwise deprived Plaintiff of his civil rights.

WHEREFORE, Defendants request judgment in each of their favors and against Plaintiff on all counts and claims in the Plaintiff's Second Amended Complaint, dismissal of the case with prejudice and costs, and such other relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. The applicable statute of limitations for Section 1983 claims in Illinois is two years. See *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009) (citing 735 ILCS 5/13-202); see also *Saunders v. City of Chicago*, 2015 WL 7251938, at *3 (N.D. Ill. Nov. 17, 2015). Plaintiff's Fourth Amendment allegations accrued immediately on the date of September 4, 2013. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). Any claims against unidentified officers, therefore, are time-barred. (Docket No. 7 & 10)

2. At all times relevant to Plaintiff's Second Amended Complaint, Defendants were government officials, namely police officers, who were performing discretionary functions. At all times material to the events alleged in Plaintiff's Second Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendants could have believed his or her actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

3. The Defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in the alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4. Defendants are not liable, under 42 U.S.C. § 1983, for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid. Plaintiff has not proven that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Skinner v. Switzer*, 562

        U.S. 521, 522 (2011). Although "a fourth-amendment claim can coexist with a valid conviction," *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010), the court "must consider the factual basis of the claim and determine whether it necessarily implies the invalidity of [Plaintiff's] conviction." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014). A plaintiff's excessive force claim "is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Teague v. Armstead*, 82 F.Supp.3d 817, 825 (N.D.Ill. Mar. 10, 2015); *also McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). In that scenario, the plaintiff's claim must be dismissed even if "he disclaims any intention of challenging his conviction" because "he is the master of his ground" upon which he proceeds. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

5. Any award of damages against the individual Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to his or her own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages. In addition, at the time of the actions alleged in Plaintiff's Second Amended Complaint, 735 ILCS 5/2-1116 (2015) was in effect. This statute reduces a plaintiff's recovery according to his or her contributory negligence and bars his or her recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

6. To the extent Plaintiff failed to mitigate any of his or her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his or her claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendants respectfully demand a trial by jury for all issues so triable.

**Dated: September 1, 2016**

                                                    Respectfully Submitted,

                                    BY:   */s/ Melissa F. Gold*
                                                      MELISSA F. GOLD
                                    Assistant Corporation Counsel
                                  City of Chicago Department of Law
                              Federal Civil Rights Litigation Division
                                      30 N. LaSalle Street, Suite 900
                                              Chicago, Illinois 60602
                                      melissa.gold@cityofchicago.org
                                                       (312) 744-8364
                                                  Attorney No. 6312904

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE HUNT (M-14245), | ) | |
| | ) | **Case No. 15 CV 6350** |
| Plaintiff, | ) | |
| | ) | JUDGE St. Eve |
| v. | ) | |
| | ) | Magistrate Judge Rowland |
| CHICAGO POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY DEMAND |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:  Michael Clancy
      Clancy Law
      255 38th Avenue, Suite G
      St. Charles, Illinois 60174
      mclancy@clancylaw.com
      *Attorney for Plaintiff*

     **PLEASE TAKE NOTICE** that on this **1st day of September 2016**, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' JOINTAMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSEES, AND JURY DEMAND**, a copy of which is herewith served upon you.

     I hereby certify that I have served this notice and the attached document by causing it to be delivered by ECF to the person named above at the address shown this **1st day of September 2016**.

                                                                        */s/ Melissa F. Gold*
                                                                       MELISSA F. GOLD
                                                             Assistant Corporation Counsel
                                                                    *Attorney for Defendants*